# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHRISTY RENE FANNON                        CIVIL ACTION

VERSUS

                                                   NO. 18-861-BAJ-RLB

WAFFLE HOUSE, INC., ET AL.

## ORDER

Before the Court is Waffle House, Inc's Motion to Compel Discovery. (R. Doc. 17). Waffle House seeks an order compelling Plaintiff to respond to interrogatories and requests for production served on January 29, 2019. Waffle House states that it "has made reasonable and good faith attempts to obtain the requested discovery from Plaintiff without this Court's interference, but these efforts have been fruitless." (R. Doc. 17-1 at 2). The Court ordered Plaintiff to respond to the motion by June 7, 2019. (R. Doc. 19).

On June 4, 2019, Plaintiff's counsel submitted an opposition advising that Plaintiff provided Waffle House with written discovery responses without objections, as well as certain documents, on that date. (R. Doc. 20).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense

counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Waffle House submits a Rule 37(a)(1) certificate providing that defense counsel sent a deficiency letter on April 3, 2019 (R. Doc. 17-3), that defense counsel attempted to contact Plaintiff's counsel on April 8, 2019 but did not receive an answer or return call, that Plaintiff's counsel otherwise did not respond to the deficiency letter, and that defense counsel informed Plaintiff's counsel on May 16, 2019 that a motion to compel discovery would be filed if responses were not received within four days. (R. Doc. 17-4). Plaintiff's counsel admits to "creating the circumstances pursuant to which the filing of the motion was necessary." (R. Doc. 20 at 1). There is nothing in the record to justify Plaintiff's significant delay in complying with her discovery obligations, and then only after the instant motion was filed.

Rule 37(a)(5)(A) specifically states that, provided there is a good faith effort to resolve these issues without Court involvement, compliance with discovery only after a motion to compel is filed can be grounds for an order of expenses. The Court reminds the parties that the Scheduling Order also states the following: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 7 at 1). While Plaintiff's counsel did not respond to the correspondence from defense counsel, there is no indication that Plaintiff's counsel altogether refused to confer regarding discovery.

Given that discovery responses have been provided, the instant motion to compel will be denied as moot. The Court makes no finding regarding the sufficiency of the responses and

production that has been made. Should Waffle House believe that the responses and production are insufficient, the parties must confer regarding any issues in an attempt to resolve a dispute prior to filing any discovery related motions. Any Rule 37(a)(1) certificate shall specifically set forth when the conference occurred, who participated in the conference, how it was conducted (in person or by phone), what issues were discussed, what issues were resolved, and how long the conference lasted (in minutes).

Furthermore, given the record in this matter, the Court will deny an award of expenses pursuant to Rule 37(a)(5)(A).

Based on the foregoing,

**IT IS ORDERED** that Waffle House, Inc's Motion to Compel Discovery (R. Doc. 17) is **DENIED AS MOOT**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on June 6, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**